JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Petitioner
VOLTAGE PICTURES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC,<br><br>Petitioner,<br><br>vs.<br><br>GUSSI, S.A. de C.V.,<br><br>Respondent. | Case No.  2:21-cv-04751<br><br>**NOTICE OF MOTION AND MOTION OF VOLTAGE PICTURES, LLC FOR ORDER CONFIRMING ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Trial Date:        None Set |

EISNER, LLP

776787.3

1

NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ ___, 2021, at ___: ___ a.m./p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable _____, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Voltage Pictures, LLC ("Voltage") will and hereby does move this Court for an Order (the "Motion"):

1. Confirming the final award of the IFTA International Arbitration Tribunal, dated May 10, 2021 (the "Final Award"), which resolved Case No. 20-37 in all respects;

2. Entering judgment in conformity therewith in the form of the [Proposed] Judgment filed herewith;

3. Awarding attorney's fees and costs incurred in connection with the enforcement of the Final Award, including fees and costs related to this Motion; and

4. Awarding such other and further relief as this Court deems just and proper.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391(b)(2) because this is the judicial district in which the arbitration award sought to be confirmed was made.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Jonathan Deckter and the exhibits thereto filed concurrently herewith, the [Proposed] Order filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

EISNER, LLP

776787.3

2

NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

DATED:  June 10, 2021                    EISNER, LLP


                                         By:        */s/ Jeremiah Reynolds*
                                                 JEREMIAH REYNOLDS
                                                 Attorneys for Petitioner
                                                 VOLTAGE PICTURES, LLC

776787.3

3

NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Petitioner Voltage Pictures, LLC ("Voltage") respectfully submits the following Points and Authorities in support of this Motion for an Order Confirming Arbitration Award to confirm the Corrected Final Arbitration Award issued by the Independent Film & Television Alliance ("IFTA") on June 7, 2021 (the "Final Award").  The Final Award resolved the IFTA arbitration at issue, Case No. 20-37, in all respects (the "Arbitration") between Voltage and Respondent Gussi, S.A. de C.V. ("Gussi," and together with Voltage, the "Parties" and each a "Party").

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties

Voltage, a film production and distribution company, is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.  (Declaration of Jonathan Deckter ("Deckter Decl."), ¶ 2.)  Voltage is a citizen of the State of California.  (*Id.*)

Gussi is a Mexican holding company, and operates as a distribution company for theatrical motion pictures throughout Mexico and Latin America.  (Declaration of Jeremiah Reynolds ("Reynolds Decl."), ¶ 2, Ex. A ("Final Award"), p. 3, ¶ 7.)  Upon information and belief, Gussi's principal place of business is in Mexico City, Mexico, and is thus a citizen of the foreign nation of Mexico.

### B.   Subject Matter Jurisdiction

This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

The amount in controversy in this instant action is measured by the damages awarded by the terms of the Final Award, which resolved the Arbitration.  This includes the following awards: (1) damages in the amount of $345,000.00, (2) attorney's fees in the sum of $109,303.00, (3) paralegal fees in the sum of

EISNER, LLP

776787.3

1

NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

$7,775.00, (4) arbitration fees and costs in the sum of $30,409.95, and (5) a lump sum daily finance charge of $44,375.70 (based upon the outstanding mitigated sum of $1.175 million), for a total award of $536,863.65.  (Final Award, p. 36, ¶ 2.)

**C.    Venue**

Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391(b)(2) because this is the judicial district in which the arbitration award sought to be confirmed was made.

**D.    The Governing Agreements**

On November 7, 2018, Voltage, on behalf of EVE Nevada, LLC, entered into a Distribution License Agreement (the "Agreement") with Gussi to license the distribution rights of AVA exclusively in Latin America.[1]  (Deckter Decl., ¶ 3, Ex. 1 (the "Agreement"); Final Award, p. 2, ¶ 1.)

The Agreement, Exhibit A, ¶ 12 contains an arbitration clause providing, in relevant part, that "[a]ny dispute arising out of or relating to this Agreement will be resolved by final binding arbitration under the IFTA Rules of International Arbitration ('IFTA Rules') in effect at the time the notice of arbitration is filed[.]" (*Id.*; Final Award, p. 2, ¶ 2.)  Paragraph 12 further states that "[t]his Agreement shall be covered by and interpreted in accordance with the laws of the State of California (without regard to the conflict of laws provisions thereof)."  (*Id.*)

The Agreement incorporates by reference the IFTA International Standard Terms (version 2010) (the "Standard Terms"), and the Agreement is defined as including the Standard Terms.  (Agreement, p. 1; Final Award, p. 2, ¶ 3.) Specifically, the second paragraph of the Agreement states: "This Agreement

---

[1] Latin America was defined as "Argentina, Belize, Brazil, Chile, Colombia, Costa Rica, Cuba (to the extent permitted under US law), Dominican Republic, Ecuador, El Salvador, Guatemala, Honduras, Mexico, Nicaragua, Panama, Paraguay, Peru, Uruguay, Venezuela), [and] Bolivia."  (Agreement, p. 1; Final Award, p. 3, ¶ 4, fn 4.)

EISNER, LLP        776787.3

**2**

NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

consists of the Deal Terms, Exhibit 'A' (attached hereto and incorporated by reference) . . . the IFTA International Standard Terms v 2010 ('Standard Terms') and any additional Schedule(s) and/or Exhibit(s) attached hereto or referenced herein (the 'Agreement')."  (Agreement, p. 1; Final Award, p. 2, ¶ 3.)  Paragraph 16.12 of the Standard Terms provides, in relevant part, that "Any dispute arising under this Agreement . . . will be administered and resolved by final and binding arbitration under the IFTA Rules for International Arbitration in effect as of the Effective Date of this Agreement ('IFTA Rules')."[2]  (*Id.*; Final Award, p. 2-3, ¶ 3.)

Further, the Agreement, Ex. A, paragraph 12 specifies that "[t]he prevailing party in any arbitration or other legal proceeding brought pursuant hereto shall be entitled to recover all of its reasonable outside attorney's fees and expenses actually incurred."  (*Id.*; Final Award, p. 3, ¶ 5.)

### E.    The Arbitration

A dispute arose between Voltage and Gussi regarding their respective rights and obligations under the Agreement.  Voltage submitted an arbitration demand IFTA on July 12, 2020 which commenced IFTA Case No. 20-37 (the "Arbitration"), and subsequently filed an amended arbitration demand on October 12, 2020, alleging claims for Breach of Contract, Declaratory Relief and Injunctive Relief. (Final Award, p. 3, ¶ 4.)  On August 31, 2020, Gussi filed its statement of defense and counter-claims for Rescission, Money Had and Received, Intentional and/or Negligent Misrepresentation and Declaratory Relief.  (*Id.*, ¶ 5.)  The arbitrator, Michael R. Diliberto (the "Arbitrator"), was appointed as the arbitrator in accordance with the IFTA Rules.

The Arbitration took place on December 3, 2020 and December 4, 2020. (Final Award, p. 1.)  While the Arbitration was conducted online via Zoom, the

---

[2] The Final Award determined that IFTA Rules dated January 1, 2020 governed the Arbitration.  (Final Award, p. 2, ¶ 2.)

proceedings were based in Los Angeles, CA. (*Id.*, fn. 1.) The Arbitrator permitted the parties to make opening statements, examine witnesses, introduce documents as exhibits and argue in support of their positions. (Final Award, p. 1.) Both parties submitted closing briefs on January 4, 2021 and replies in support of such briefs to counter arguments made by the respective opposing parties on January 13, 2021. (*Id.*)

### F.   The Final Award

On June 7, 2021, the Arbitrator issued a comprehensive and well-reasoned 36-page corrected Final Award in Voltage's favor that contained the Arbitrator's factual findings and legal conclusions based upon the arbitration briefs, evidence presented at arbitration, exhibits, the relevant case law and arguments of counsel.[3] (Final Award, p. 1-36.) The Final Award dismissed all of Gussi's counter-claims against Voltage with prejudice (*id.*, p. 36, ¶ 3), and granted Voltage "the principal amount of $345,000.00, attorney's fees in the sum of $109,303.00, paralegal fees in the sum of $7,775.00, arbitration fees and costs in the sum of $30,409.95, and a lump sum daily finance charge of $44,375.70 (based upon the outstanding mitigated sum of $1.175 million), for a total award of $536,863.65, plus a daily finance charge of $30.71 from July 15, 2020 until the principal amount of $345,000.00 is paid in

---

[3] The Arbitrator had previously issued an interim arbitration award on March 8, 2021 and retained jurisdiction to award Voltage prevailing party fees and costs, in addition to claimed interest and daily finance charges, and ordered both parties to brief the issue. (Final Award, p. 1.) The Arbitrator subsequently served a final arbitration award on May 10, 2021, which included a determination on fees, costs and daily and lump sum finance charges. (*Id.*) Gussi then filed a motion to correct that award, claiming that the lump finance charge was incorrect, and requesting a reduction in the amount awarded. (*Id.*, p. 35, ¶ 87, fn 19.) Gussi further requested that the Arbitrator correct a portion of the award which characterized Gussi as a Delaware corporation, rather than a Mexican holding company. (*Id.*, p. 2.) The Arbitrator thereafter corrected the lump sum finance charge calculation (*id.*, p. 35, ¶ 87, fn 19), and Gussi's corporate status in the Final Award issued on June 7, 2021 (*id.*, p. 3, ¶ 7).

full." (*Id.*, p. 36, ¶ 4.)

This petition is timely because it was filed within one year after the Arbitrator issued the Final Award.

## II. THE COURT SHOULD CONFIRM THE FINAL AWARD

### A. This Court is Authorized to Confirm the Final Award

This Court's authority to confirm the Final Award is derived from the terms of the Agreement and federal law. As set forth above, the Agreement required the Parties to settle any disputes in accordance with the IFTA Rules. The applicable IFTA Rules provide, in relevant part, that:

> 8.2 . . . The parties may apply for confirmation and/or enforcement of any arbitration award or order hereunder to the courts of the State of California or of such other state, locality, country or territory as may have jurisdiction over the parties under applicable law, Treaty or Convention.
>
> * * *
>
> 12.5 . . . Any party may seek confirmation of and/or file or register the Arbitrator's award with a court having jurisdiction to confirm the Arbitrator's award in order to effectuate the enforcement of the award in any and all courts throughout the world.

(Reynolds Decl., ¶ 3, Ex. B ("IFTA Rules").)  As a result, the parties agreed that any arbitration award that resolved the Arbitration could be confirmed by any Court with jurisdiction to confirm such awards.

That the parties' agreement to arbitrate is contained in the Agreement also renders it enforceable under the Federal Arbitration Act ("FAA").  *See* 9 U.S.C § 2. Moreover, the FAA allows the parties to seek confirmation of an arbitration award in the District Court for the district in which the Final Award was entered.  *See* 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000).

Here, the Arbitrator issued the Final Award in Los Angeles, California. Therefore, this Court is authorized to confirm the Final Award.

**B.    This Court Has No Grounds to Vacate the Final Award**

The FAA states, in relevant part, that when an application is made to confirm an arbitration award, the court *must* confirm it "unless the award is vacated, modified, or corrected" pursuant to Sections 10 or 11 of the FAA.  *See* 9 U.S.C. § 9. Indeed, Courts have a very limited judicial review of arbitration awards.  *See A.G. Edwards v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) *cert. denied* 506 U.S. 1050 (1993) (holding that courts should not reverse an arbitration award "even in the face of erroneous interpretations of the law.")  Thus, arbitration awards should be upheld if justified by any colorable theory.  *See id.*

Unless Gussi seeks to vacate or modify the Final Award, it must be confirmed.

**C.    Voltage Should be Awarded Its Attorneys' Fees and Costs**

The Agreement states that "[t]he prevailing party in any arbitration *or other legal proceeding* brought pursuant hereto shall be entitled to recover all of its reasonable outside attorney's fees and expenses actually incurred."  (Agreement, Ex. A, ¶ 12.)

Thus, this Court should award Voltage the fees and costs it incurred in bringing this Motion to confirm and enforce the terms of the Final Award, in an amount to be established by subsequent motion.

**III.    CONCLUSION**

For the foregoing reasons, Voltage respectfully request that the Court (i) confirm the Final Award in all respects, (ii) enter judgment in conformity therewith in the form of the [Proposed] Judgment filed herewith, (iii) award the attorney's fees and costs incurred in connection with the enforcement of the Final Award, including the bringing of this Motion, in an amount to be established by subsequent motion, and (iv) award post-judgment interest.

EISNER, LLP

776787.3

6

DATED:  June 10, 2021                    EISNER, LLP


                                 By:    _____*/s/ Jeremiah Reynolds*_____
                                        JEREMIAH REYNOLDS
                                        Attorneys for Petitioner
                                        VOLTAGE PICTURES, LLC

EISNER, LLP

776787.3

7

NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING ARBITRATION AWARD