Charles M. Coate, Esq., (SBN: 140404)
HAMRICK & EVANS, LLP
2600 W. Olive Avenue, Suite 1020
Burbank, California 91505
Tel: (818) 763-5292
Fax: (310) 763-2308
Email: ccoate@hamricklaw.com

Attorneys for Respondent
Gussi, S.A. de C.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VOLTAGE PICTURES, LLC,

          Petitioner,

   vs.

GUSSI, S.A. de C.V.,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:21-CV-04751 FLA

**NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR LEAVE TO WITHDRAW AS RESPONDENT'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES M. COATE**

Date:     April 5, 2024
Time:    1:30 pm.
Courtroom:   6B
First Street Courthouse, 350 W. 1st St.
Los Angeles, California 90012

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD AND THE COURT:**

     **PLEASE TAKE NOTICE** that on April 5, 2024 at 1:30 pm. in Department 6B of the above captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012,

1

Charles M. Coate and Hamrick & Evans LLP, counsel for Respondent Gussi, S.A. de C.V. will, and hereby do, renew their efforts to move this Court for an order granting leave to withdraw from their representation of Respondent in this matter pursuant to Local Rule 83-2.3.

This (Renewed) and Un-opposed Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed and served herewith, the Declaration of Charles M. Coate, and upon the papers, records, and pleadings on file herein and any oral argument that may be considered by the Court in ruling upon this Motion.

This (renewed) motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 21, 2023.

Dated:  March 4, 2024                    Respectfully submitted,

                                                       HAMRICK & EVANS, LLP

                                   By:    /S/ *Charles M. Coate*
                                           Charles M. Coate, Esq., Attorneys for
                                           Respondent Gussi, S.A. de C.V.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Counsel for Gussi S.A. de C.V., Charles M. Coate of Hamrick & Evans LLP's renews its motion to be relieved as counsel in accordance with this Court's August 21, 2023 Order (DKT #76).  It is properly granted pursuant to Local Rule 83-2.3, California Rules of Professional Conduct Rule 1.16 (4) and (5), and applicable law. There remains ample good cause supporting the request as Respondent has materially breached its engagement agreement, has made insufficient payment on account for services rendered, and there are additional communications and circumstances rendering it unreasonably difficult for moving counsel to continue to provide legal services in this case post judgment. Respondent has been given more than reasonable notice of moving counsel's intent to withdraw and a judgment has already been entered in this case.

Here, this Court previously issued an Order Denying Without Prejudice Motion to Withdraw as Counsel filed August 21, 2023 (DKT #76). The Order noted that neither Petitioner nor Respondent responded to (Counsel's original) motion and further states in part: "Hamrick & Evans may file a renewed motion to withdraw after the Ninth Circuit issues its decision on appeal."  The Ninth Circuit issued its opinion in the subject appeal on February 5, 2024. (DKT #79; #80) Accordingly, Respondent's counsel now renews its unopposed motion to withdraw.

///

3

## II.    GOOD CAUSES SUPPORTS THIS RENEWED MOTION OF RESPONDENT'S COUNSEL TO WITHDRAW AND THE EXERCISE OF THE COURT'S DISCRETION MILITATES STRONGLY IN FAVOR OF PERMITTING SUCH WITHDRAWAL.

Respondent's counsel renews its motion to withdraw as counsel in accordance with Local Rule Local Rule 83-2.3.2 and this Court's Order of August 21, 2023.   Courts considering a motion to withdraw consider whether good cause exists to permit withdrawal. *Stewart v. Boeing Co.,* No. CV 12-05621 RSWL (AGRx), 2013 U.S. Dist. LEXIS 87064, 2013 WL 3168269, *1 (C.D. Cal. June 19, 2013).   Specifically, when ruling on a counsel's motion to withdraw, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Roy v. County of Los Angeles*, No. CV 12-9012 BRO (FFMx), 2015 U.S. Dist. LEXIS 187107, 2015 WL 12752555, at *2-3 (C.D. Cal. Apr. 27, 2015).

In turn, California District Courts have routinely granted motions for leave to withdraw where a client has failed to pay attorney's fees and for other disruptions to the communications between counsel and client. Specifically, "Failure to pay attorney's fees can be a valid ground for withdrawal. *Inigo v. Express Movers, Inc.*, 2020 U.S. Dist. LEXIS 111612, 2020 WL 8838166, at *2 (S.D. Cal. June 24, 2020). And a "breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel." *Three Sons, Inc. v. Felix Express Inc.*, 2022 U.S. Dist. LEXIS

4

119744, 2022 WL 2286760, at *1 (C.D. Cal. May 6, 2022)." (Citations original) *Bobbs v. Nat'l Claims Adjusters, Inc.*, No. 21-CV-1323 TWR (BGS), 2022 U.S. Dist. LEXIS 203760 (S.D. Cal. Nov. 8, 2022) at *3 and *4.

Here, Respondent's counsel renews its effort to seek withdrawal due to Gussi S.A. de C.V.'s failure to sufficiently pay its attorney's fees which have been rendered as a continuation of the representation would be unreasonable under the circumstances. Indeed, failure to pay attorney's fees may be a proper basis for granting a motion to withdraw. Specifically, "[w]ithdrawal may be permitted when a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof. Conduct 3-700(C)(1)(f); *Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (explaining that "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation"). Unfortunately, subsequent communications do not evidence that sufficient payment in accordance with Respondent's engagement obligations will be forthcoming or can be expected. Significantly, the motion (renewed here) was unopposed. (DKT #76)

Further, Respondent's counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Respondent in accordance with Rule 1.16 (d) of the California Rules of Professional Conduct, (previously Rule 3-700) which provides: "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable* steps to avoid reasonably* foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with

5

paragraph (e) (release of requested client materials.)  See also *Slavkin v. State Bar*, 49 Cal.3d 894, 903, 264 Cal. Rptr. 131, 782 P.2d 270 (1989); *Matter of Miller*, 1 Cal. State Bar Ct. Rptr. 131, (Rev. Dept. 1990): attorneys seeking to withdraw must comply with the procedures set forth in *[prior]* Rule 3-700 of the California Rules of Professional Conduct.

Advance notice of Respondent's counsel's intention to withdraw was provided and if Respondent retains other counsel, current counsel will fully and promptly facilitate such transition and release any requested client materials. Respectfully, Counsel's renewed motion is properly granted as good cause supports the motion, and the requisite notice has been given.

### A.  Counsel Complied With And Given Requisite Notice In Accordance with Cal. Rules Prof. Conduct 1.16 and Ca CD L.R. 83-2.9.2.1.

California law requires notice to a client of an attorney's intent to seek leave to withdraw. See Cal. Rules Prof. Conduct 1.16; Ca CD L.R. 83-2.9.2.1 ("An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action"). Under Local Rule L.R. Ca CD 83-2.3.4., counsel can be given leave to withdraw from the representation of a business entity even if new counsel has not been retained, so long as counsel "give[s] written notice to the organization of the consequences of its inability to appear pro se." *China Cent. TV v.*

*Create New Tech. Hk Ltd.*, No. CV 15-01869 MMM (AJWx), 2015 U.S. Dist. LEXIS 187611 (C.D. Cal. June 25, 2015) at *7 *citing to* Ca CD L.R. 83-2.3.4.

Here, Counsel has given advance notice to Gussi S.A. de C.V. both orally well in advance of the filing of the motion in June 2023 and expressly in writing on July 6, 2023. Such motion is renewed here in accordance with this Court's Order of August 21, 2023 given the Ninth Circuit's issuance of an opinion on February 5, 2024. (See Dkt #79, 80) Further, Respondent was provided oral and written notice of its inability to appear pro se.

## III.    CONCLUSION

Accordingly, for the reasons set forth herein, Counsel respectfully requests that their renewed Motion for an Order Granting Leave to Withdraw be granted in its entirety.

Dated:  March 4, 2024                    Respectfully submitted,

HAMRICK & EVANS, LLP

By:    /S/ *Charles M. Coate*
       Charles M. Coate, Esq., Attorneys for
       Respondent Gussi, S.A. de C.V.

7

## DECLARATION OF CHARLES M. COATE

I, CHARLES M. COATE, hereby declare as follows:

1.     I am an attorney at law duly licensed and admitted to practice before the courts of the State of California, the U.S. Supreme Court, the U.S. Court of Appeals for the Ninth Circuit and I am of counsel at Hamrick & Evans LLP, counsel of record for Respondent Gussi S.A. de C.V. I have personal knowledge of the matters set forth herein and such matters are true and correct and I could and would competently testify thereto if called upon to do so.

2.     Attached collectively hereto as Exhibit 1 are true and correct copies of the Notice of Motion and Motion to Withdraw as Respondent's Counsel and proposed Order thereon filed July 28, 2023 (DKT #69 and #69-1).

3.     Attached hereto as Exhibit 2 is a true and correct copy of the Notice of Non-Opposition to Motion and Motion to Withdraw as Respondent's Counsel filed on August 15, 2023 (DKT #71).

4.     Attached hereto as Exhibit 3 is a true and correct copy of the Order Denying Without Prejudice Motion to Withdraw as Counsel filed August 21, 2023 (DKT #76). The Order noted that neither Petitioner nor Respondent responded to the motion and further states in part: "Hamrick & Evans may file a renewed motion to withdraw after the Ninth Circuit issues its decision on appeal."

5.     The Ninth Circuit issued its opinion in the subject appeal on February 5, 2024. (DKT #79, 80)

8

6.  Gussi S.A. de C.V. is still not current in its payment obligations and a substantial balance owing to Respondent's counsel has accrued and continues to accrue for services that have been necessarily rendered in this case. This failure to sufficiently pay due balances continues even post judgment and in material breach of obligations under the terms of counsel's engagement.

7.  Subsequent communications do not evidence that sufficient payment in accordance with Respondent's engagement obligations will be forthcoming or can be expected.

8.  Circumstances and communications have not improved and exist which render it unreasonably difficult for counsel to continue to carry out its representation in this action effectively. Respectfully, pursuant to the Court's August 21, 2023 Order, Counsel's renewed (unopposed) motion is properly granted as good cause supports the motion, and there is little to no prejudice to Gussi S.A. de C.V. given the post judgment stage of the case and the requisite notice has been given.

9.  Hamrick & Evans LLP has served Respondent Gussi S.A. de C.V. by mail and email at its last known address with copies of this renewed Notice of Motion, Motion, Declaration and corresponding proposed order. Specifically,

Gussi S.A. de C.V.
Silvia Torres, International Director
Montes Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000

9

Email: storres@gussi.com.mx

I confirmed within the past 30 days that the address is current by telephone and other means.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed in Manhattan Beach, California.

Dated: March 4, 2024

__/s/ Charles M. Coate_____
Charles M. Coate

## CERTIFICATE OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause.  My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on March 4, 2024, I caused to be served the copies of the attached: **NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR LEAVE TO WITHDRAW AS RESPONDENT'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES M. COATE** on the interested parties in this action as follows:

☒   **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed as follows:

Gussi, S.A. de C.V.                     Respondent
Sylvia   Torres,   International Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

---

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

Jeremiah Reynolds, Esq.              Attorneys for Plaintiff VOLTAGE
EISNER, LLP                          PICTURES, LLC
433 N. Camden Avenue 4th Floor
Beverly Hills, CA 90210

---

11

Tel: (310) 855-3200
Fax: (310) 855-3201
jreynolds@eisnerlaw.com

---

[X] By electronic service.  I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Gussi, S.A. de C.V.                    Respondent
Sylvia  Torres,  International
Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

---

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 4, 2024, at Burbank, California.

/S/ *Heather Martindale*
Heather Martindale

12

Charles M. Coate, Esq., (SBN: 140404)
HAMRICK & EVANS, LLP
2600 W. Olive Avenue, Suite 1020
Burbank, California 91505
Tel: (818) 763-5292
Fax: (310) 763-2308
Email: ccoate@hamricklaw.com

Attorneys for Respondent
Gussi, S.A. de C.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTAGE PICTURES, LLC, | Case No.: 2:21-CV-04751 FLA |
| Petitioner, | |
| vs. | **NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS RESPONDENT'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES M. COATE** |
| GUSSI, S.A. de C.V., | |
| Respondent. | |
| | Date:      Sept. 1, 2023 |
| | Time:      1:30 pm. |
| | Courtroom:      6B |
| | First Street Courthouse, 350 W. 1st St. |
| | Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD AND THE COURT:**

**PLEASE TAKE NOTICE** that on September 1, 2023 at 1:30 pm. in Department 6B of the above captioned Court, located at 350 W. 1st Street, Los Angeles, California

1

EX 1

Case 2:21-cv-04751-FLA-RAO   Document 84   Filed 03/04/24   Page 14 of 40   Page ID
Case 2:21-cv-04751-FLA-RAO   Document 69   Filed 07/28/23   Page 2 of 16   Page ID #:890
#1102

90012, Charles M. Coate and Hamrick & Evans LLP, counsel for Respondent Gussi, S.A. de C.V. will, and hereby do, move this Court for an order granting leave to withdraw from their representation of Respondent in this matter pursuant to Local Rule 83-2.3.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed and served herewith, the Declaration of Charles M. Coate, and upon the papers, records, and pleadings on file herein and any oral argument that may be considered by the Court in ruling upon this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 21, 2023.

Dated:  July 28, 2023

Respectfully submitted,

HAMRICK & EVANS, LLP

By:   /S/ *Charles M. Coate*
Charles M. Coate, Esq., Attorneys for
Respondent Gussi, S.A. de C.V.

2

Case 2:21-cv-04751-FLA-RAO   Document 84   Filed 03/04/24   Page 15 of 40   Page ID
Case 2:21-cv-04751-FLA-RAO   Document 83   Filed 07/28/23   Page 3 of 16   Page ID #:891
#:1103

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Counsel for Gussi S.A. de C.V., Charles M. Coate of Hamrick & Evans LLP's motion to be relieved as counsel is properly granted pursuant to Local Rule 83-2.3, California Rules of Professional Conduct Rule 1.16 (4) and (5), and applicable law. There is ample good cause supporting the request as Respondent has materially breached its engagement agreement, has made insufficient payment on account for services rendered, and there are additional communications and circumstances rendering it unreasonably difficult for moving counsel to continue to provide legal services in this case post judgment. Respondent has been given more than reasonable notice of moving counsel's intent to withdraw and a judgment has already been entered in this case. In turn, there is little if any prejudice to Respondent, or Petitioner, let alone any delay, under these circumstances.

Respectfully, Counsel's motion is properly granted as there is little to no delay or prejudice to Gussi S.A. de C.V. or to Petitioner given the late stage of the proceedings, and requisite notice has been given.

## II.   STATEMENT OF FACTS

Hamrick & Evans LLP and Charles M. Coate (collectively "Counsel") were engaged on August 10, 2020 by Gussi S.A. de C.V. to render services related to arbitration proceedings before the Independent Film & Television Alliance ("IFTA") in IFTA # 20-37 Voltage Pictures LLC v. Gussi S.A. de C.V. (Decl. of Charles M. Coate, Para. 2)

3

Hamrick & Evans, LLP and Charles M. Coate rendered legal services to Gussi S.A. de C.V. throughout the arbitration proceedings until completion on or about June 7, 2021 when the Corrected Final Award was issued in that matter. (Decl. of Charles M. Coate, Para. 3)

Thereafter, on or about June 10, 2021, Voltage Pictures LLC filed its Motion to Confirm Arbitration Award initiating confirmation proceedings in this Court. (Decl. of Charles M. Coate, Para. 4)

Issues of service on Respondent and jurisdiction were litigated through early 2023. This Court ruled that Respondent was served with Petitioners' motion for confirmation through a managing agent, confirmation of the international arbitration award was granted, and judgment thereon was subsequently entered on January 26, 2023. (Decl. of Charles M. Coate, Para. 5)

Considerable attorney's fees and costs have been incurred by Respondent in the international arbitration and in this subsequent federal confirmation proceeding. Gussi S.A. de C.V. is not current in its payment obligations and an increasing and substantial balance owing to Respondent's counsel has accrued and continues to accrue for services that have been necessarily rendered in this case. This failure to sufficiently pay due balances continues even post judgment and in material breach of obligations under the terms of counsel's engagement. (Decl. of Charles M. Coate, Para. 6)

Case 2:21-cv-04751-FLA-RAO   Document 84   Filed 03/04/24   Page 17 of 40   Page ID
Case 2:21-cv-04751-FLA-RAO   Document 83   Filed 07/28/23   Page 5 of 16   Page ID #:893
#:1105

Gussi S.A. de C.V. filed a notice of appeal of the Court's orders and entry of judgment on February 6, 2023 – U.S. Court of Appeals for the Ninth Circuit Appeal No. 23-55123 (the "Appeal.") The pending Appeal is now fully briefed. Respondent's counsel has briefed reply papers on behalf of Respondent early and will agree to remain as counsel in such separate appeal to avoid prejudice to the rights of the client. (Decl. of Charles M. Coate, Para. 7)

Counsel for Respondent gave advance notice, both orally and in written correspondence, to Gussi S.A. de C.V. of its failure to pay its outstanding and ever-increasing balance in material breach of Respondent's engagement obligations over the course of several months. In June of 2023, Counsel orally advised Gussi that it would seek leave to withdraw under the circumstances for material non-payment and that it would not be able to represent itself in pro per in the case absent substitute counsel (as a consequence.) On July 6, 2023, counsel Gussi S.A. de C.V. gave written notice that it would seek leave to withdraw absent significant progress on its outstanding balance and the requisite written notice that it would not be able to represent itself in pro per in the case absent substitute counsel (as a consequence.) (Decl. of Charles M. Coate, Para. 8)

Unfortunately, subsequent communications do not evidence that sufficient payment in accordance with Respondent's engagement obligations will be forthcoming or can be expected. (Decl. of Charles M. Coate, Para. 9)

Circumstances and communications have not improved and exist which render it unreasonably difficult for counsel to continue to carry out its representation in this action

Case 2:21-cv-04751-FLA-RAO    Document 84    Filed 03/04/24    Page 18 of 40    Page ID
Case 2:21-cv-04751-FLA-RAO    Document 83    Filed 07/28/23    Page 6 of 16    Page ID #:894
#:1106

effectively. Respectfully, Counsel's motion is properly granted as good cause supports the motion, and there is little to no prejudice to Gussi S.A. de C.V. given the post judgment stage of the case and the requisite notice has been given. (Decl. of Charles M. Coate, Para. 10)

With regard to Petitioner, there is no prejudice to Petitioner, Specifically, these proceedings are in a post judgment phase. Correspondingly, there is no trial date to consider or attendant pre-trial deadlines. Accordingly, there is no delay or prejudice to Petitioner. (Decl. of Charles M. Coate, Para. 11)

## III.   GOOD CAUSES SUPPORTS THE INSTANT MOTION OF RESPONDENT'S COUNSEL TO WITHDRAW AND THE EXERCISE OF THE COURT'S DISCRETION MILITATES STRONGLY IN FAVOR OF PERMITTING SUCH WITHDRAWAL.

Respondent's counsel moves to withdraw as counsel in accordance with Local Rule Local Rule 83-2.3.2.   Courts considering a motion to withdraw consider whether good cause exists to permit withdrawal. *Stewart v. Boeing Co.,* No. CV 12-05621 RSWL (AGRx), 2013 U.S. Dist. LEXIS 87064, 2013 WL 3168269, *1 (C.D. Cal. June 19, 2013) Specifically, when ruling on a counsel's motion to withdraw, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Roy v. County of Los Angeles,* No. CV 12-9012 BRO (FFMx), 2015 U.S. Dist. LEXIS 187107, 2015 WL 12752555, at *2-3 (C.D. Cal. Apr. 27, 2015).

Case 2:21-cv-04751-FLA-RAO   Document 84   Filed 03/04/24   Page 19 of 40   Page ID
Case 2:21-cv-04751-FLA-RAO   Document 69   Filed 07/28/23   Page 7 of 16   Page ID #:895
#:1107

In turn, California District Courts have routinely granted motions for leave to withdraw where a client has failed to pay attorney's fees and for other disruptions to the communications between counsel and client. Specifically, "Failure to pay attorney's fees can be a valid ground for withdrawal. *Inigo v. Express Movers, Inc.*, 2020 U.S. Dist. LEXIS 111612, 2020 WL 8838166, at *2 (S.D. Cal. June 24, 2020). And a "breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel." *Three Sons, Inc. v. Felix Express Inc.*, 2022 U.S. Dist. LEXIS 119744, 2022 WL 2286760, at *1 (C.D. Cal. May 6, 2022)." (Citations original) *Bobbs v. Nat'l Claims Adjusters, Inc.*, No. 21-CV-1323 TWR (BGS), 2022 U.S. Dist. LEXIS 203760 (S.D. Cal. Nov. 8, 2022) at *3 and *4.

Here, Respondent's counsel seeks withdrawal due to Gussi S.A. de C.V.'s failure to pay its attorney's fees which has rendered a continuation of the representation unreasonable under the circumstances. Indeed, failure to pay attorney's fees may be a proper basis for granting a motion to withdraw. Specifically, "[w]ithdrawal may be permitted when a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof. Conduct 3-700(C)(1)(f); *Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (explaining that "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation"). Unfortunately, subsequent communications do not evidence that sufficient payment in accordance with Respondent's engagement obligations will be forthcoming or can be expected.

With regard to the additional elements considered by the Court in evaluating a motion to withdraw, there is no "prejudice to other litigants" or damage to the "administration of justice." Specifically, these confirmation proceedings are in a post judgment phase. Correspondingly, there is no trial date to consider or attendant pre-trial deadlines. Accordingly, there is no delay or prejudice to Petitioner. Any potential prejudice to Gussi S.A. de C.V. has been mitigated by the agreement of Respondent's counsel to remain as counsel in the separate appeal proceeding which is already fully briefed in any event. Similarly, with regard to the fourth element, "the degree to which withdrawal will delay the resolution of the case," it is a moot point given the closed status of the case in this Court.

Further, Respondent's counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Respondent in accordance with Rule 1.16 (d) of the California Rules of Professional Conduct, (previously Rule 3-700) which provides: "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable* steps to avoid reasonably* foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e) (release of requested client materials.)  See also *Slavkin v. State Bar*, 49 Cal.3d 894, 903, 264 Cal. Rptr. 131, 782 P.2d 270 (1989); *Matter of Miller*, 1 Cal. State Bar Ct. Rptr. 131, (Rev. Dept. 1990): attorneys seeking to withdraw must comply with the procedures set forth in *[prior]* Rule 3-700 of the California Rules of Professional Conduct.

8

Advance notice of Respondent's counsel's intention to withdraw has been provided and if Respondent retains other counsel, current counsel will fully and promptly facilitate such transition and release any requested client materials. Further Respondent's counsel has filed reply papers in the pending appeal on behalf of Respondent early and will agree to remain as counsel in such separate appeal to avoid prejudice to the rights of the client. Respectfully, Counsel's motion is properly granted as good cause supports the motion, and there is little to no prejudice to Gussi S.A. de C.V. given the late stage of the proceedings and the requisite notice has been given.

## A.  Counsel Has Complied With And Given Requisite Notice In Accordance with Cal. Rules Prof. Conduct 1.16 and Ca CD L.R. 83-2.9.2.1.

California law requires notice to a client of an attorney's intent to seek leave to withdraw. See Cal. Rules Prof. Conduct 1.16; Ca CD L.R. 83-2.9.2.1 ("An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action"). Under Local Rule L.R. Ca CD 83-2.3.4., counsel can be given leave to withdraw from the representation of a business entity even if new counsel has not been retained, so long as counsel "give[s] written notice to the organization of the consequences of its inability to appear pro se." *China Cent. TV v. Create New Tech. Hk Ltd.*, No. CV 15-01869 MMM (AJWx), 2015 U.S. Dist. LEXIS 187611 (C.D. Cal. June 25, 2015) at *7 *citing to* Ca CD L.R. 83-2.3.4.

Case 2:21-cv-04751-FLA-RAO   Document 84   Filed 03/04/24   Page 22 of 40   Page ID
Case 2:21-cv-04751-FLA-RAO   Document 65   Filed 07/28/23   Page 10 of 16   Page ID #:898
#1110

Here, Counsel has given advance notice to Gussi S.A. de C.V. both orally well in advance of the filing of the motion in June 2023 and expressly in writing on July 6, 2023. Further, Respondent was provided oral and written notice of its inability to appear pro se.

## IV.   **CONCLUSION**

Accordingly, for the reasons set forth herein, Counsel respectfully requests that their Motion for an Order Granting Leave to Withdraw be granted in its entirety.

Dated:  July 28, 2023                                        Respectfully submitted,

HAMRICK & EVANS, LLP

By:   */S/ Charles M. Coate*
Charles M. Coate, Esq., Attorneys for
Respondent Gussi, S.A. de C.V.

10

## DECLARATION OF CHARLES M. COATE

I, CHARLES M. COATE, hereby declare as follows:

1.      I am an attorney at law duly licensed and admitted to practice before the courts of the State of California, the U.S. Supreme Court, the U.S. Court of Appeals for the Ninth Circuit and I am of counsel at Hamrick & Evans LLP, counsel of record for Respondent Gussi S.A. de C.V. I have personal knowledge of the matters set forth herein and such matters are true and correct and I could and would competently testify thereto if called upon to do so.

2.      Hamrick & Evans LLP and I (collectively "Counsel") were engaged on August 10, 2020 by Gussi S.A. de C.V. to render services related to arbitration proceedings before the Independent Film & Television Alliance ("IFTA") in IFTA # 20-37 Voltage Pictures LLC v. Gussi S.A. de C.V.

3.      My offices and I rendered legal services to Gussi S.A. de C.V. throughout the arbitration proceedings until completion on or about June 7, 2021 when the Corrected Final Award was issued in that matter.

4.      Thereafter, on or about June 10, 2021, Voltage Pictures LLC filed its Motion to Confirm Arbitration Award initiating confirmation proceedings in this Court.

5.      Issues of service on Respondent and jurisdiction were litigated through early 2023.   This Court ruled that Respondent was served with Petitioners' motion for confirmation through a managing agent, confirmation of the international arbitration award was granted, and judgment thereon was subsequently entered on January 26, 2023.

11

6.     Considerable attorney's fees and costs have been incurred by Respondent in the international arbitration and in this subsequent federal confirmation proceeding. Gussi S.A. de C.V. is not current in its payment obligations and an increasing and substantial balance owing to Respondent's counsel has accrued and continues to accrue for services that have been necessarily rendered in this case.  This failure to sufficiently pay due balances continues even post judgment and in material breach of obligations under the terms of counsel's engagement.

7.     Gussi S.A. de C.V. filed a notice of appeal of the Court's orders and entry of judgment on February 6, 2023 – U.S. Court of Appeals for the Ninth Circuit Appeal No. 23-55123 (the "Appeal.") The pending Appeal is now fully briefed. Respondent's counsel has filed reply papers on behalf of Respondent early and will agree to remain as counsel in such separate appeal to avoid prejudice to the rights of the client.

8.     Counsel for Respondent gave advance notice, both orally and in written correspondence, to Gussi S.A. de C.V. of its failure to pay its outstanding and ever-increasing balance in material breach of Respondent's engagement obligations over the course of several months. In June of 2023, Counsel orally advised Gussi that it would seek leave to withdraw under the circumstances for material non-payment and that it would not be able to represent itself in pro per in the case absent substitute counsel (as a consequence.)  On July 6, 2023, counsel Gussi S.A. de C.V. gave written notice that it would seek leave to withdraw absent significant progress on its outstanding balance and

12

the requisite written notice that it would not be able to represent itself in pro per in the case absent substitute counsel (as a consequence.)

9.    Subsequent communications do not evidence that sufficient payment in accordance with Respondent's engagement obligations will be forthcoming or can be expected.

10.    Circumstances and communications have not improved and exist which render it unreasonably difficult for counsel to continue to carry out its representation in this action effectively. Respectfully, Counsel's motion is properly granted as good cause supports the motion, and there is little to no prejudice to Gussi S.A. de C.V. given the post judgment stage of the case and the requisite notice has been given.

11.    With regard to Petitioner, there is no prejudice to Petitioner, Specifically, these proceedings are in a post judgment phase. Correspondingly, there is no trial date to consider or attendant pre-trial deadlines. Accordingly, there is no delay or prejudice to Petitioner.

12.    Hamrick & Evans LLP has served Respondent Gussi S.A. de C.V. by mail and email at its last known address with copies of this Notice of Motion, Motion, Declaration and corresponding proposed order.  Specifically,

Gussi S.A. de C.V.
Silvia Torres, International Director
Montes Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Email: storres@gussi.com.mx

13

I confirmed within the past 30 days that the address is current by telephone and other means.

13    I met and conferred with counsel for Petitioner Jeremiah Reynolds in writing on July 20, 2023 and by phone on July 21, 2023 pursuant to Local Rule 7-3. At the conclusion of the pre-filing conference of counsel, Petitioner's counsel did not take a position as to whether Petitioner would oppose the motion to withdrawal as Respondent's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed in Manhattan Beach, California.

Dated: July 28, 2023

/s/ Charles M. Coate
Charles M. Coate

14

## CERTIFICATE OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause. My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on July 28, 2023, I caused to be served the copies of the attached: **NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS RESPONDENT'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES M. COATE** on the interested parties in this action as follows:

☒ **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed as follows:

| | |
|---|---|
| Gussi, S.A. de C.V. | Respondent |
| Sylvia Torres, International Director | |
| Monte Urales 715, 4th Floor | |
| Col. Lomas de Chapultepec | |
| Mexico, D.F. 11000 | |
| Ph: +52 55 5271 0977 | |
| Email: storres@gussi.com.mx | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

| | |
|---|---|
| Jeremiah Reynolds, Esq. | Attorneys for Plaintiff VOLTAGE |
| EISNER, LLP | PICTURES, LLC |
| 433 N. Camden Avenue 4th Floor | |
| Beverly Hills, CA 90210 | |
| Tel: (310) 855-3200 | |
| Fax: (310) 855-3201 | |

15

jreynolds@eisnerlaw.com

[X] By electronic service.  I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Gussi, S.A. de C.V.                    Respondent
Sylvia   Torres,   International
Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

☒       (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 28, 2023, at Burbank, California.

/S/ *Heather Martindale*
Heather Martindale

16

Charles M. Coate, Esq., (SBN: 140404)
HAMRICK & EVANS, LLP
2600 W. Olive Avenue, Suite 1020
Burbank, California 91505
Tel: (818) 763-5292
Fax: (310) 763-2308
Email: ccoate@hamricklaw.com

Attorneys for Respondent
Gussi, S.A. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

VOLTAGE PICTURES, LLC,

                    Petitioner,

          vs.

GUSSI, S.A. de C.V.,

                    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:21-CV-04751 FLA

**(PROPOSED) ORDER GRANTING
MOTION FOR LEAVE TO
WITHDRAW AS RESPONDENT'S
COUNSEL**

Date:         Sept. 1, 2023
Time:         1:30 pm.
Courtroom:         6B
First Street Courthouse, 350 W. 1st St.
Los Angeles, California 90012

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD AND THE COURT:**

**FOR GOOD CAUSE SHOWN** the motion of Charles M. Coate and Hamrick &
Evans, LLP for on an order granting leave to withdraw from their representation of

1

Respondent in this matter pursuant to Local Rule 83-2.3 which came on for hearing on September 1, 2023 at 1:30 pm. in Department 6B of the above captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012 is granted. Movants Charles M. Coate and Hamrick & Evans LLP, counsel for Respondent Gussi, S.A. de C.V. were represented by Charles M. Coate, Petitioner Voltage Pictures, LLC was represented by Jeremiah Reynolds of Eisner LLP and any other appearance, if any as reflected in the record.

The Court finds that Respondent was served by mail and email and that Movants have submitted a Declaration establishing such service on Respondent.

The Court finds that Movants have shown sufficient reasons why the motion to be relieved as counsel should be granted and why Movants have brought a motion pursuant to Local Rule 83-2.3 instead of filing a substitution with consent of Respondent.

Movants are relieved as counsel of Record for Respondent Gussi, S.A. de C.V. This order is effective upon the filing of the Proof of Service of this signed Order upon Respondent Gussi, S.A. de C.V.

The client's current address, telephone number and email is:

Gussi, S.A. de C.V.
Sylvia Torres, International Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

There are no hearings and no trial currently scheduled in this post judgment proceeding.

2

Respondent Gussi S.A. de C.V. is notified of the following effects this order may have upon parties.

**NOTICE TO CLIENT GUSSI S.A. de C.V.**

**Your present attorney will no longer be representing you in this action. You may not represent yourself if you are ... a corporation.**

**YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION.**

Respondent Gussi S.A. de C.V. is notified that it is its duty to keep the Court informed at all times of its current address.

**NOTICE TO CLIENT GUSSI S.A. de C.V.**

**The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

Dated: _____, 2023

By: _____
The Hon. Fernando L. Aenille-Rocha
U.S. District Court Judge

3

## CERTIFICATE OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause. My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on July 28, 2023, I caused to be served the copies of the attached:
**(PROPOSED) ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS RESPONDENT'S COUNSEL**
on the interested parties in this action as follows:

☒   **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed as follows:

Gussi, S.A. de C.V.         Respondent
Sylvia Torres, International Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

---

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

Jeremiah Reynolds, Esq.         Attorneys for Plaintiff VOLTAGE
EISNER, LLP         PICTURES, LLC
433 N. Camden Avenue 4th Floor
Beverly Hills, CA 90210
Tel: (310) 855-3200
Fax: (310) 855-3201

---

4

jreynolds@eisnerlaw.com

[X] By electronic service.  I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Gussi, S.A. de C.V.                    Respondent
Sylvia   Torres,   International   Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

☒       (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 28, 2023, at Burbank, California.

/S/ HeatherMartindale
Heather Martindale

5

Case 2:21-cv-04751-FLA-RAO    Document 84    Filed 03/04/24    Page 34 of 40   Page ID
#1122
Case 2:21-cv-04751-FLA-RAO    Document 71   Filed 08/15/23   Page 1 of 5   Page ID #:920

Charles M. Coate, Esq., (SBN: 140404)
HAMRICK & EVANS, LLP
2600 W. Olive Avenue, Suite 1020
Burbank, California 91505
Tel: (818) 763-5292
Fax: (310) 763-2308
Email: ccoate@hamricklaw.com

Attorneys for Respondent
Gussi, S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

VOLTAGE PICTURES, LLC,

                Petitioner,

    vs.

GUSSI, S.A. de C.V.,

                Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:21-CV-04751 FLA

**NOTICE OF NON-OPPOSITION TO
MOTION FOR LEAVE TO
WITHDRAW AS RESPONDENT'S
COUNSEL; MEMORANDUM OF
POINTS AND AUTHORITIES**

Date: Sept. 1, 2023
Time: 1:30 pm.
Courtroom: 6B
First Street Courthouse, 350 W. 1st St.
Los Angeles, California 90012

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   THE FAILURE TO FILE OPPOSITION PAPERS TO THE INSTANT MOTION MAY BE DEEMED AS CONSENT TO THE GRANTING OF THE MOTION.

Counsel for Gussi S.A. de C.V., Charles M. Coate of Hamrick & Evans LLP's motion to be relieved as counsel is properly granted pursuant to Local Rule 83-2.3, California Rules of Professional Conduct Rule 1.16 (4) and (5), and applicable law. There is ample good cause supporting the request as Respondent has materially breached its engagement agreement, has made insufficient payment on account for services rendered, and there are additional communications and circumstances rendering it unreasonably difficult for moving counsel to continue to provide legal services in this case post judgment. Respondent has been given more than reasonable notice of moving counsel's intent to withdraw and a judgment has already been entered in this case.  In turn, there is little if any prejudice to Respondent, or Petitioner, let alone any delay, under these circumstances.

The instant motion is duly set for hearing on September 1, 2023.  Pursuant to Local Rule 7-9 opposition to the motion was due not later than 21 days prior thereto, or August 11, 2023.  No opposition to this motion was filed by such date.

In turn, Central District of California Local Rule ("Local Rule") 7-12 provides in pertinent part:

2

The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion ....

(*See also* *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal of action pursuant to court's local rule ("the failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion") where plaintiff failed to file an opposition to defendants' motion to compel/dismiss)). Pursuant to Local Rules and *Ghazali, supra.*, it is respectfully submitted that the instant motion is unopposed and has been consented to and is properly granted in its entirety.

## II.    CONCLUSION

Accordingly, for the reasons set forth herein, Counsel respectfully requests that their Motion for an Order Granting Leave to Withdraw be granted in its entirety.

Dated: August 15, 2023             Respectfully submitted,

HAMRICK & EVANS, LLP

By:    /S/ *Charles M. Coate*
        Charles M. Coate, Esq., Attorneys for
        Respondent Gussi, S.A. de C.V.

3

## CERTIFICATE OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause.  My business address is Hamrick & Evans, LLP, 2600 West Olive Avenue, Suite 1020, Burbank, California 91505.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on August 15, 2023, I caused to be served the copies of the attached: **NOTICE OF NON-OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW AS RESPONDENT'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

☒     **BY REGULAR MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said document(s) will be deposited with United States Post Office mail box at Burbank, California, addressed as follows:

Gussi, S.A. de C.V.                          Respondent
Sylvia   Torres,   International
Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

---

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

Jeremiah Reynolds, Esq.                  Attorneys for Plaintiff VOLTAGE
EISNER, LLP                                    PICTURES, LLC
433 N. Camden Avenue 4th Floor
Beverly Hills, CA 90210
Tel: (310) 855-3200
Fax: (310) 855-3201

---

jreynolds@eisnerlaw.com

[X] By electronic service.  I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Gussi, S.A. de C.V.              Respondent
Sylvia  Torres,  International
Director
Monte Urales 715, 4th Floor
Col. Lomas de Chapultepec
Mexico, D.F. 11000
Ph: +52 55 5271 0977
Email: storres@gussi.com.mx

☒     (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 15, 2023, at Burbank, California.

/S/ *Heather Martindale*
Heather Martindale

5

Case 2:21-cv-04751-FLA-RAO   Document 84   Filed 03/04/24   Page 39 of 40   Page ID
#:1127
Case 2:21-cv-04751-FLA-RAO   Document 76   Filed 08/21/23   Page 1 of 2   Page ID #:1001



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VOLTAGE PICTURES, LLC, | Case No. 2:21-cv-04751-FLA |
|---|---|
| Petitioner, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS COUNSEL [DKT. 69]** |
| GUSSI, S.A. de C.V., | |
| Respondent. | |

On July 28, 2023, Respondent Gussi, S.A. de C.V.'s ("Respondent" or "Gussi") counsel, Charles Michael Coate and Hamrick & Evans LLP (collectively, "Hamrick & Evans"), filed a Motion to Withdraw as Counsel ("Motion"). Dkt. 69. Hamrick & Evans contend Respondent has materially breached its engagement agreement, including by making insufficient payment for services rendered. *Id.* at 3. Neither Petitioner Voltage Pictures, LLC ("Petitioner") nor Gussi have responded to the Motion. *See* Dkt. 71.

On January 26, 2023, the court entered Judgment in Petitioner's favor and the action was administratively closed. Dkt. 47. The court's ruling is currently before the Ninth Circuit on appeal. *See* Dkt. 48. Accordingly, the court DENIES the Motion without prejudice as moot. Hamrick & Evans may file a renewed Motion to Withdraw as Counsel after the Ninth Circuit issues its decision on the appeal.

IT IS SO ORDERED.

Dated: August 21, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

-2-